## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| **ANITA VONTEZ TATE** | : | |
| Debtor, | : | |
| **CAMILLE HOPE, TRUSTEE,** | : | CASE NO: 11-30476-JPS |
| Plaintiff, | : | |
| vs. | : | |
| **LEASE AND RENTAL MANAGEMENT** | : | ADVERSARY NO. |
| **CORP. d/b/a AUTO LOAN** | : | |
| Defendant. | : | |

## COMPLAINT TO AVOID PREFERENTIAL TRANSFER

COMES NOW, Camille Hope ("plaintiff"), and respectfully shows as follows:

1.

Defendant, Lease and Rental Management Corp. d/b/a Auto Loan, ("defendant") is subject to the jurisdiction of this Court and this court has jurisdiction over this complaint pursuant to 28 U.S.C. §1334.

2.

Venue is proper in this court pursuant to 28 U.S.C. §1409.

3.

Plaintiff is the duly appointed and acting trustee in the Chapter 13 case of Anita Vontez Tate ("debtor").

4.

This adversary proceeding arises out of and relates to debtor's Chapter 13 case that is docketed in this Court as case number 11-30476-JPS.

5.

This adversary proceeding constitutes a core proceeding under 28 U.S.C. §§157 (b)(2).

6.

On December 11, 2010 debtor granted to defendant a security interest in a 2002 Lincoln LS, as reflected on the security agreement attached hereto as Exhibit "A".

7.

On February 10, 2011, more than 30 days after the date of the sale and within 90 days before the date of the filing of the debtors' petition for relief on March 22, 2011, the defendant delivered an MV-1 application for certificate of title to the Commissioner of the Georgia Department of Revenue (the "transfer"). A copy of the title history is hereto attached as Exhibit "B".

8.

The transfer was an interest of the debtor in property.

9.

The transfer was to or for the benefit of a creditor.

10.

The transfer was for or on account of an antecedent debt owed by the debtor before such transfer was made.

11.

The transfer was made while the debtor was insolvent.

12.

The transfer enabled the defendant to receive more than defendant would have received in a Chapter 7 case if the transfer had not been made and the defendant had received payment of its debt to the extent provided for by the provisions of Title 11 of the United States Code.

WHEREFORE, the trustee prays for judgment against defendant:

(1) avoiding the above described transfer; and designating the claim of Lease and Rental Management Corp. d/b/a Auto Loan, an unsecured debt;

(2) for all costs of this action;

(3) for such other and further relief as this court deems equitable and just.


**DATED: May 20, 2011**

                                                      /s/ Camille Hope  
                                                      Camille Hope, Trustee  
                                                      Office of the Chapter 13 Trustee  
                                                      P.O. Box 954  
                                                      Macon, GA 31202  
                                                      (478) 742-8706 ext. 112

| RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT | Seller<br>AWAY TO GO AUTOMOTIVE CON<br>DBA MCCOWAN & ASSOC. INC 6166<br>ADAMS STREET<br>COVINGTON, GA 30014 | Buyer<br>ANITA VONTEZ TATE<br><br>125 ALICE WALKER DR<br>ATHENS, GA 30607 | EXHIBIT "A" |
|---|---|---|---|
| No. 117838 | | "You" and "your" mean each Buyer above, | |
| Date 12/11/2010 | "We" and "us" mean the Seller above, its successors and assigns. | and guarantor, jointly and individually. | |

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE<br>The total cost of your purchase on credit, including your down payment of $ 1500.00 |
|---|---|---|---|---|
| 21.00 % | $ 1990.62 | $ 8620.50 | $ 10611.12 | $ 12111.12 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 104 | 102.03 | Payments are due on the Friday of each week beginning on 12/24/2010 |

**Security:** You are giving a security interest in the Motor Vehicle purchased.
**Late Charge:** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of the lesser of 5% of the unpaid amount of the payment due or $50.00.
**Prepayment:** If you pay off this Contract early, you ☐ may ☒ will not have to pay a Minimum Finance Charge.
☐ If you pay off this Contract early, you will not be entitled to a refund of part of the Additional Finance Charge.
**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.
Credit Life: Insured N/A
☐ Single ☐ Joint Prem. $_____ Term _____
Credit Disability: Insured N/A
☐ Single ☐ Joint Prem. $_____ Term _____
Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

_____  _____
Buyer           d/o/b    Buyer           d/o/b

_____  _____
Buyer           d/o/b    Buyer           d/o/b

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ 500.00.
If you get insurance from or through us you will pay $ _____
for N/A _____ of coverage.
This premium is calculated as follows:
☐ $ _____ Deductible, Collision Cov. $ _____
☐ $ _____ Deductible, Comprehensive $ _____
☐ Fire-Theft and Combined Additional Cov. $ _____
☐ _____ $ _____
Liability insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.
**OPTIONAL GAP WAIVER:** A GAP Waiver (debt cancellation contract) is not required to obtain credit and we will not provide it unless you sign and agree to pay the additional cost. If you purchase the GAP Waiver from or through us you will pay $ 360.00 for the term of this contract.
Your signature below means that you want the GAP Waiver for the stated amount and term.

_Anita Vontez Tate_ _____
Buyer           Buyer

### ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| Vehicle Price (incl. sales tax of $ 647.50) | $ | 9547.50 |
| Service Contract, Paid to: _____ | * $ | 0.00 |
| Amount to Finance line e. (if e. is negative) | $ | 0 |
| Cash Price | $ | 9547.50 |
| Manufacturer's Rebate  $ _____ | | 0 |
| Cash Down Payment  $ 1500.00 | | |
| Deferred Down Payment $ _____ | | 0 |
| a. Total Cash/Rebate Down | $ | 1500.00 |
| b. Trade-In Allowance  $ 0.00 | | |
| c. Less: Amount owing  $ _____ | | 0 |
| Paid to: _____ | | |
| d. Net Trade-In (b. minus c.) | $ | 0.00 |
| e. Net Cash/Trade-In (a. plus d.) | $ | 1500.00 |
| Down Payment (e.; disclose as $0 if negative) | $ | 1500.00 |
| Unpaid Balance of Cash Price | $ | 8047.50 |
| Paid to Public Officials - Filing Fees | $ | 0.00 |
| Insurance Premiums* | $ | 0 |
| Additional Finance Charge(s), Paid to Seller | $ | 0 |
| To: Sellers Processing Fee | $ | 18.00 |
| To: GAP Waiver | $ | 360.00 |
| To: Single Interest | $ | 195.00 |
| To: _____ | $ | |
| To: _____ | $ | |
| To: _____ | $ | |
| Total Other Charges/Amounts Pd. to Others | $ | 573.00 |
| Less: Prepaid Finance Charges | $ | 0 |
| Amount Financed | $ | 8620.50 |

*We may retain or receive a portion of this amount.
☒ **SINGLE-INTEREST INSURANCE:** You must purchase single-interest insurance as part of this sale transaction. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us you will pay $ 195.00 for _____
104 weeks _____ of coverage.

_____ AUT _____ (page 1 of 4)

GEORGIA RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT
MOTOR VEHICLE - NOT FOR MANUFACTURED HOMES
© 1995 Wolters Kluwer Financial Services - Bankers Systems™ Form RSSIMVLFAZGA 10/12/2005 Custom MDF. EGARSMVF

☐ **SERVICE CONTRACT:** With your purchase of the Vehicle, you agree to purchase a Service Contract to cover _____
N/A

This Service Contract will be in effect for N/A .

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the usual accessories and attachments.

Description of Vehicle Purchased
Year 2002                VIN 1LNHM87AX2Y607107
Make LINCOLN             Lic. No./Year
Model LS                 ☐ New ☒ Used
Other:

Description of Trade-In N/A

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ 8620.50 , plus finance charges accruing on the unpaid balance at the rate of 21.00 % per year from today's date until maturity. Finance charges accrue on a an actual / 365 day basis. After maturity, or after you default and we demand payment, we will earn finance charges on the unpaid balance at 21.00 % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

☐ **ADDITIONAL FINANCE CHARGE:** You agree to pay an additional, nonrefundable finance charge of $ 0 that will be ☐ paid in cash. ☐ added to the Cash Price. ☐ paid proportionally with each payment.

☐ **MINIMUM FINANCE CHARGE:** You agree to pay a minimum finance charge of $ 0 if you pay this Contract in full before we have earned that much in finance charges.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED.
☐ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until you pay in full.
A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance.

**GENERAL TERMS:** You have been given the opportunity to purchase the Vehicle and described services for the Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any services if you buy them over time. You agreed to purchase the items over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.
We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee, that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the principal balance, and when the principal has been paid in full, refund it to you.
You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.
If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.
The law of Georgia will govern this transaction. It is also governed by applicable federal law and regulations. In the event of a dispute, the exclusive forum, venue, and place of jurisdiction will be in Georgia, unless otherwise required by law.

**NAME AND LOCATION:** Your name and address indicated on page 1 are your exact legal name and your principal residence. You will provide us with at least 30 days notice prior to changing your name or principal residence.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest in the Property, you represent and agree to the following:
  A. Our security interest will not extend to consumer goods unless you acquire rights to them within 10 days after we enter into this Contract, or they are installed in or affixed to the Vehicle.
  B. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else.
  C. The security interest you are giving us in the Property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
  D. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Property will be located at your address listed on page 1 of this Contract.
  E. You will not attempt to sell the Property (unless it is properly identified inventory) or otherwise transfer any rights in the Property to anyone else, without our prior written consent.
  F. You will pay all taxes and assessments on the Property as they become due.
  G. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):
  A. You fail to perform any obligation that you have undertaken in this Contract.
  B. We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.
If you default, you agree to pay our costs for collecting amounts owing, including court costs, reasonable attorneys' fees (if referred for collection to an attorney not a salaried employee of ours) and fees for repossession, repair, storage and sale of the Property securing this Contract.
If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

_AUT_____ (page 2 of 4)

©1995 Wolters Kluwer Financial Services - Bankers Systems™ Form RSSIMVLFAZGA 10/12/2005 Custom   MDF. EGARSMVF

**REMEDIES:** If you are in default on this Contract, we have all of the remedies provided by law and this Contract:
  A. We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
  B. We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. Any amount we pay will be added to the amount you owe us and will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.
  C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
  D. We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward your obligations.
  E. Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. Notice of intent to dispose of the personal property will be delivered to you within 10 days pursuant to Ga. Code Ann. § 44-14-411.1. You will have 30 days from the date of this notice to claim the personal property. If you do not claim the personal property, a second notice will be sent. If you do not claim the personal property within 30 days after the date of the second notice, the personal property will be disposed of. Any proceeds will be dispersed according to Ga. Code Ann. § 44-14-412.

**WAIVER AND ASSIGNMENT OF EXEMPTIONS:** You waive and renounce all exemptions as they relate to any interest in the Property. You assign to us sufficient amount of exemptions to pay the amount due under this Contract. You direct any trustee to deliver to us a sufficient amount of the Property claimed as exempt to pay off the amount so allowed on this debt.

**RETURN CHECK CHARGE:** If you make any payment required by this Contract with a check, draft or order for the payment of money that is returned or dishonored, you agree to pay a fee of $ 10.00                     .

**INSURANCE:** You agree to buy property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the PROPERTY INSURANCE section, or as we will otherwise require. You will name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as a loss payee, we may obtain insurance to protect our interest in the Property. This insurance may include coverages not required of you. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:
  A. You must pay this Contract even if someone else has also signed it.
  B. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
  C. We may release any security and you will still be obligated to pay this Contract.
  D. If we give up any of our rights, it will not affect your duty to pay this Contract.
  E. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WARRANTY:** Warranty information is provided to you separately.

**WAIVER:** To the extent permitted by law, you agree to give up your rights to require us to do certain things. We are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; or, (3) give notice that we intend to make, or are making, this Contract immediately due.

### PLEASE READ CAREFULLY! NOTICE OF ARBITRATION

If you agree to Arbitration you are giving up your right to go to court for claims and disputes arising from this Contract.
♦ You or we may choose to have any dispute between us decided by arbitration, and not by a court or by jury trial.
♦ If a dispute is arbitrated, you give up your right to join in as a class representative or class member on any class claim you may have against us, including any right to class arbitration.
♦ In arbitration, discovery and rights to appeal are generally more limited than in a judicial proceeding, and other rights that you and we would have in court may not be available.

**ARBITRATION AGREEMENT:** At your or our election, any claim or dispute in contract, tort, statute or otherwise between you and us or our employees, agents, successors or assigns that arises out of or relates to your credit application, this Contract or any resulting transaction or relationship, including those with third parties who do not sign this Contract, is to be decided by neutral, binding arbitration. The interpretation and scope of this arbitration agreement, including the arbitrability of a claim or dispute, it is also to be decided by neutral, binding arbitration.
If you or we choose to arbitrate our claim or dispute, you and we agree that no trial by jury or other judicial proceeding take place. In addition, you agree not to participate as a class representative or class member on any class claim that you may have against us, including class arbitration. You and we also agree that any claim or dispute is to be heard and decided by one arbitrator only, only on an individual basis, and not as a class action.
For the arbitration, you or we may choose one of the following arbitration organizations with its applicable rules: the American

© 1995 Wolters Kluwer Financial Services - Bankers Systems™ Form RSSIMVLFAZGA 10/12/2005 Custom    MDF. EGARSMVF    AJT _____ (page 3 of 4)

Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org), the National Arbitration Forum, Box 50191, Minneapolis, MN 55405-0191 (www.arb-forum.com), or JAMS, 235 Peachtree St., NE, 600 North Tower, Atlanta, GA 30303 (www.jamsadr.com). You can get a copy of the rules of these arbitration organizations by contacting the respective organization directly or by visiting their respective website.

The arbitration hearing will be carried out in the federal district where you reside, unless you and we agree otherwise. If arbitration begins, we would advance your filing, administration, service or case management fee, and your arbitrator or hearing fee all up to a total maximum of $1,500. Unless the arbitrator awards them to a party, each party is responsible for the fees of its attorney(s), experts, witnesses, and any other fees and costs of arbitration, including any amount we have advanced.

The arbitrator will be a lawyer or a former judge. In making an award, the arbitrator shall follow governing substantive law. The arbitrator has the authority to order specific performance, monetary damages, and punitive damages or to provide any relief allowed by applicable law. Other than the grounds for review under the Federal Arbitration Act, the arbitration award is final and binding on all parties. Any court having jurisdiction may enforce the arbitrator's award.

You and we retain rights to self-help remedies and to seek remedies in small claims court for claims or disputes within that court's jurisdiction, unless those claims or disputes are transferred, removed, or appealed to a different court. You and we retain rights to take measures that do not involve a court or arbitration. These measures include, but are not limited to, setting off against a deposit account, repossessing property, and foreclosing on property. You or we may obtain a temporary court order necessary to prevent harm until the arbitration is completed. By exercising any retained rights or by taking measures that do not involve a court or arbitration, neither you nor we waive the right to arbitrate any claim or dispute.

The Federal Arbitration Act (9 U.S.C. § 1 et. seq.) governs this arbitration agreement and not any state law concerning arbitration, including state law arbitration rules and procedures.

This arbitration agreement survives any termination, payoff or transfer of this Contract. Except for the waivers of class action rights, if any part of this arbitration agreement is found to be unenforceable, the remainder is enforceable.

By signing this Contract you and we understand and agree to be bound by its terms, and expressly waive our rights to trial by jury and judicial process, and review, except as allowed by law.

Caution: It is important that you read this arbitration agreement thoroughly before you sign this Contract. By signing it, you are accepting that you have read and understand this arbitration agreement, and have received a copy of it. If you do not understand something in this arbitration agreement, do not sign this Contract; instead ask your lawyer.

ASSIGNMENT: This Contract and Security Agreement is assigned to Auto Loan _____, the Assignee, phone 800-737-9780 _____. This assignment is made under the terms of a separate agreement made between the Seller and Assignee.

---

**THIRD PARTY AGREEMENT**

By signing below you agree to give us a security interest in the Property described in the SALE section. You also agree to the terms of this Contract, including the WAIVER section above, except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend, change this Contract, or release any party or property without releasing you from this Contract. We may take these steps without notice or demand upon you.

You acknowledge receipt of a completed copy of this Contract.

_____
Signature                               Date

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

IF YOU ARE BUYING A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

**NOTICE TO BUYER**

Do not sign this agreement before you read it or if it contains any blank spaces. You are entitled to an exact copy of the contract you sign.

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1, 2, 3 AND 4 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.

Buyer: *(signature)* _____ Date
Signature
ANITA VONTEZ TATE

_____
Signature                               Date

_____
Signature                               Date

_____
Signature                               Date
Seller: By *(signature)*
AWAY TO GO AUTOMOTIVE CON

© 1995 Wolters Kluwer Financial Services - Bankers Systems™ Form RSSIMVLFAZGA 10/12/2005 Custom   MDF. EGARSMVF

(page 4 of 4)

# Grant, Elaine

**From:** Jennifer Renfroe [jrenfroe@co.bibb.ga.us]
**Sent:** Thursday, May 12, 2011 4:42 PM
**To:** Grant, Elaine
**Subject:** RE: TITLE HIST AND LIEN HIST

VQ12 5957          GENERAL VEHICLE DETAIL       05/12/11 16:36:39

1LNHM87AX2Y607107     Title 777930110411038  CURRENT TITLE, NOT HELD
2002 LINC LS        4S Color  GLD    Fuel G  Cyl  8  Odom 0124700    USED
VID/Tax Code 100822    Valuation     2420  County  014 CLARKE     01
Purchase Dt  12/11/2010  Appl Date  02/10/2011 Print Dt 02/15/2011Y
Owner ID   000033059775   Owners 01  Liens   01

 ANITA VONTEZ TATE
 125 ALICE WALKER DR                     DOB: 11/15/1971
 ATHENS, GA 306076541

Tag Nbr  BRM1747       Iss Dt 02/10/2011  Exp Dt 11/15/2011  Weight     0
Category  AA - PASSENGER CAR/LIGHT TRUCKS   Use Code  PASS
Insurance:  VALID INSURANCE COVERAGE
Status   ACTIVE           02/10/2011   Decal   14085312    Farm:  N

PF1/HELP    PF2/ADRHIST  PF3/RETURN  PF4/FEES     PF5/LESSEES    PF6/OWNERS
PF7/HOLD CD PF8/INSHIST  PF9/PRINT   PF10/        PF11/          PF12/MENU

VQ30 5957           LIEN DETAIL          05/12/11 16:37:37
                      1LNHM87AX2Y607107         Fuel G
Cust ID 000033059775                2002  LINC  LS
 ANITA VONTEZ TATE
Cust ID

Title 777930110411038  Xfer Date 12/11/2010 Print Date 02/15/2011  Owners  1
Lien   1 OF 1

Lienholder ID:  001010129353
 AUTO LOAN
Lienholder ID:

Lienholder ID:

Lienholder Address: 45 HAVERHILL ST
          ANDOVER         MA  018101414
Mailing Address  :

1

One Time Address :

PF1/HELP   PF2/       PF3/RETURN  PF4/      PF5/ADDRESS PF6/OWNERS
PF7/       PF8/       PF9/PRINT   PF10/     PF11/       PF12/MENU

Jennifer Renfroe
Assistant Deputy of Collections
Bibb County Tax Commissioner
275 Second St Room 200
Macon, GA 31201
478-621-6422

-----Original Message-----
**From:** Grant, Elaine [mailto:egrant@chapter13macon.com]
**Sent:** Thursday, May 12, 2011 4:38 PM
**To:** Jennifer Renfroe
**Subject:** TITLE HIST AND LIEN HIST

MY REF # 11-30476, ANITA TATE

VIN #  1LNHM87AX2Y607107

2002 LINCOLN LS